UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARAH R.,

                                    Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                    Defendant.

_____

DECISION AND ORDER

20-CV-6739L


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

        On June 19, 2017, plaintiff filed applications for a period of disability and disability

insurance benefits, and for supplemental security income, alleging an inability to work since

December 11, 2015. (Dkt. #12 at 15). Her applications were initially denied. Plaintiff requested a

hearing, which was held on May 22, 2019 via videoconference before administrative law judge

("ALJ") Gregory Maldafsky. The ALJ issued a decision on October 30, 2019, finding plaintiff not

disabled. (Dkt. #12 at 15-24). That decision became the final decision of the Commissioner when

the Appeals Council denied review on July 24, 2020. (Dkt. #12 at 1-3). Plaintiff now appeals.

         The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the

ALJ's decision and remanding the matter for further proceedings (Dkt. #16), and the

Commissioner has cross moved for judgment dismissing the complaint (Dkt. #17). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## I.      The ALJ's Decision

Plaintiff was born October 4, 1989, and was 26 years old on the alleged onset date, with a high school education and past relevant work as a home health aide, cashier, and production worker. (Dkt. #12 at 22). Her medical records reflect treatment for depressive disorder, anxiety disorder, and cluster B personality traits (dramatic, overly emotional, or unpredictable thinking or behavior), which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #12 at 18).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a moderate limitation in adapting or managing herself. (Dkt. #12 at 19). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: plaintiff is limited to simple (defined as requiring a

Specific Vocational Preparation level of one or two), routine, and repetitive tasks in a work environment which is not fast paced and involves no strict production quotas. She cannot have more than incidental contact with the general public, or more than occasional interactions with coworkers and supervisors. Further, she is limited to jobs with few changes in work setting or processes, and where any changes are explained in advance. Finally, she cannot perform jobs involving close teamwork, tandem work, or over the shoulder supervision. (Dkt. #12 at 20).

When presented with this RFC as a hypothetical at the hearing, vocational expert James W. Primm testified that such an individual could not perform plaintiff's past relevant work. However, she could perform the representative positions of laundry worker, vehicle cleaner, and night cleaner. (Dkt. #12 at 23). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Consideration of Medical Opinion Evidence

Plaintiff argues that the ALJ erroneously ignored opinion evidence from plaintiff's treating therapist, Sharon Michaels, thus resulting in an RFC finding that was not supported by substantial evidence.

In determining plaintiff's mental RFC, the ALJ discussed the October 23, 2017 opinion of consulting psychologist Dr. Todd Deneen. (Dkt. #12 at 21, 484-88). Dr. Deneen found plaintiff's speech, thought processes, affect, and orientation to be normal and appropriate, and noted mildly dysthymic (depressed) mood. Plaintiff's attention, concentration and memory skills were intact, her cognitive functioning was average, her insight was fair, and her judgment was good. *Id*. Dr. Deneen opined that plaintiff was mildly limited in making work-related decisions and interacting with others, and moderately limited in the areas of regulating emotions, controlling behavior, and maintaining well-being. (Dkt. #12 at 487).

The ALJ found Dr. Deneen's opinion "somewhat persuasive," noting that it was generally consistent with Dr. Deneen's objective examination findings and with the record as a whole, which the ALJ characterized as supporting "limitations to a range of unskilled work." (Dkt. #12 at 21). The ALJ accordingly formulated an RFC with nonexertional limitations that included simple, routine tasks in an environment not involving a fast pace, production quotas, or frequent or unexplained changes, with only incidental contact with the public, few interactions with supervisors and coworkers, no tandem or team work, and no over the shoulder supervision.

However, the ALJ overlooked two medical opinions by plaintiff's treating mental health counselor, Ms. Michaels. On September 13, 2018, after approximately three weeks of treatment, Ms. Michaels opined that plaintiff's depression and anxiety produced "moderate" limitations with respect to maintaining attention and concentration for rote tasks, and attending to a routine or schedule. Ms. Michaels indicated that plaintiff's symptoms rendered her incapable of doing anything other than receiving treatment for 3-6 months. (Dkt. #12 at 1159-62). On January 11, 2019, Ms. Michaels opined that plaintiff was "moderately limited" with respect to following, understanding, and remembering simple instructions, performing simple and complex tasks independently, and regularly attending to a routine or schedule. Ms. Michaels indicated that plaintiff was incapable of doing anything other than receiving treatment for 3-6 months. (Dkt. #12 at 1155-58). On April 12, 2019, after approximately eight months of mental health treatment, Ms. Michaels formally discharged plaintiff from care at plaintiff's own request, observing that her treatment goals had been met, that no further services were needed at the time, that plaintiff "has adequate decision making skills [and] is organized and takes initiative," and that plaintiff had "passed her last exam" to obtain provisional certification as a Sterile Processing Technician, and

wished to "focus on obtaining employment in her desired field." (Dkt. #12 at 1171-75). The ALJ's decision makes no mention of Ms. Michaels's opinions.

Generally, an ALJ is required to "evaluate every medical opinion [he or she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998). An ALJ's failure to discuss and weigh a medical opinion is reversible error, unless the ALJ's decision reflects that the opinion was duly considered, the limitations assessed therein "were ultimately accounted for in the RFC" determination, *Dwayne T. v. Kijakazi*, 2021 U.S. Dist. LEXIS 236068 at *5 (W.D.N.Y. 2021) (quoting *Garrett W. v. Commissioner*, 2021 U.S. Dist. LEXIS 41003 at *11-*12 (W.D.N.Y. 2021)), or the overlooked opinion is not "significantly more favorable to the claimant than the evidence considered," such that there is no "reasonable likelihood that [the ALJ's] consideration of the [opinion] would have changed the ALJ's determination that [plaintiff] was not disabled." *Arch v. Commissioner*, 2021 U.S. Dist. LEXIS 146449 at *37 (S.D.N.Y. 2021)(quoting *Zabala*, 595 F.3d 402 at 409).

Under the circumstances presented here, I find that the ALJ's failure to consider and weigh Ms. Michaels's opinions was harmless error, because, among other things, the limitations they described were accounted-for in the ALJ's RFC determination, such that consideration of those opinions would not have changed the ALJ's determination, and remand would serve no proper purpose.

Initially, the period of limitation assessed in the opinions (3-6 months beginning in September 2018, followed by 3-6 months beginning in January 2019, with plaintiff discharged from care after achieving sufficient "progress on her goal of symptom management" in April 2019), does not satisfy the 12-month durational requirement. (Dkt. #12 at 1172).

Even assuming *arguendo* that the limitations indicated by Ms. Michaels had lasted, or could be expected to last, for twelve months or more, they are not inconsistent with the RFC determined by the ALJ. Ms. Michaels described no more than moderate limitations in any functional area, and an individual with moderate mental limitations can generally perform the functional requirements of unskilled work.[1] *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010)(moderate limitations in work-related functioning do not prevent the performance of unskilled work); *Cory W. v. Commissioner*, 2021 U.S. Dist. LEXIS 212878 at *13 (W.D.N.Y. 2021)("[m]oderate mental limitations do not necessarily indicate disabling functional restrictions that would prevent a claimant from performing the basic mental demands required for unskilled work," and as such, physician's opinion that plaintiff had moderate mental health impairments does not conflict with ALJ's RFC describing a limited range of unskilled work).

Moreover, moderate limitations in areas such as attention and concentration, and maintaining a routine or schedule – the only areas of limitation that Dr. Michaels listed in both opinions, in a manner that could be assumed to satisfy the durational requirement – are sufficiently accounted-for by limitations to unskilled work involving only simple, routine tasks, which the ALJ imposed here. *See Melissa L. v. Commissioner*, 2022 U.S. Dist. LEXIS 34998 at *17 (W.D.N.Y. 2022); *Landers v. Colvin*, 2016 U.S. Dist. LEXIS 41117 at *11-*12 (W.D.N.Y. 2016).

As such, even if the ALJ had considered and fully credited Ms. Michaels' opinions, there is no reasonable likelihood that he would have reached a different result.

---

[1] The ALJ limited plaintiff to simple, routine, and repetitive tasks with a Specific Vocational Preparation ("SVP") level of 1 or 2. Jobs with an SVP of 1-2 are considered to be "unskilled." *See Holly M.*, 2022 U.S. Dist. LEXIS 106901 at *19-*20.

Plaintiff also argues that the ALJ's RFC determination fails to sufficiently and specifically account for Dr. Deneen's opinion that plaintiff is moderately limited in regulating her emotions, controlling behavior, and maintaining well-being. The Court disagrees.

Consistent with Dr. Deneen's opinion and with the ALJ's corresponding "special technique" finding that plaintiff had moderate limitations in the functional areas of interacting with others, and adapting and managing herself, the ALJ included RFC limitations restricting plaintiff to simple, routine, and repetitive tasks, no strict production quotas, no more than incidental interaction with the public, no more than occasional interaction with coworkers and supervisors, and no close teamwork, tandem work, or over the shoulder supervision. (Dkt. #12 at 20). The ALJ expressly stated that his RFC assessment reflected those functional limitations (Dkt. #12 at 19), and the nonexertional limitations he included in the RFC assessment are, on their face, appropriate and well-tailored to do so. *See generally Holly M. v. Commissioner*, 2022 U.S. Dist. LEXIS 106901 at *19 (W.D.N.Y. 2022)(limitations to simple, repetitive, routine tasks with simple instructions, no strict production pace or quotas, and limited interactions with others, are sufficient to account for moderate limitations in reason, judgment, regulation emotions, controlling behavior, and maintaining well-being); *Bethany A. v. Commissioner*, 2022 U.S. Dist. LEXIS 8838 at *14 (W.D.N.Y. 2022)(RFC limiting plaintiff to simple, routine, repetitive tasks with additional social limitations is sufficient to accommodate moderate limitations in regulating emotions, controlling behavior, and maintaining well-being). Plaintiff points to no evidence that other and further limitations were necessary. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018)(plaintiff bears the ultimate burden to prove a more restrictive RFC than that assessed by the ALJ).

Overall, I find that the ALJ's RFC determination was well-supported by substantial evidence of record, including the opinion of Dr. Deneen, who like Ms. Michaels found only

mild-to-moderate mental limitations, and plaintiff's mental health treatment notes, which, with

few exceptions, consistently noted normal or intact mood, orientation, affect, thought processes,

cognitive function, and memory, with judgment, impulse control, and insight that improved

longitudinally from fair to normal. (Dkt. #12 at 19-21, 288, 290, 671, 793, 1034, 1042, 1055, 1057,

1066, 1069, 1071, 1082, 1084, 1090, 1092-93, 1101-02, 1106, 1113, 1115, 1120, 1123-24, 1126).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.


## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by

substantial evidence of record, and was not the product of reversible error. Plaintiff's motion to

vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #16) is denied, and

the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is granted. The ALJ's

decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.


_____

DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
        July 12, 2022.